UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA POLLOCK,
    Plaintiff,

-vs.-                                **DEMAND FOR JURY TRIAL**

GLOBAL TRUST MANAGEMENT, LLC,
A Florida limited liability company,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

1

3. The Defendant to this lawsuit is Global Trust Management, LLC which is, upon information and belief, a Florida company that maintains registered offices in Hillsborough County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Livingston County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff for a payday loan.

7. Sometime in August 2012, Plaintiff received a voicemail from Defendant, which states, "This message is intended for Lisa Pollock, my name is Victoria with the office of Global Trust Management. My office has recently been assigned file number 12411 and we need to verify your information in regards to this matter which has been given to our office for processing. If you have any intentions of either resolving this issue or you wish to log a verbal statement for this matter, you need to contact my office immediately upon receipt of this message. My office number is 855-875-2506, extension 248 and you have been officially notified. Thank you." Defendant failed to identify itself as a debt collector in this message.

8. Sometime in August 2012, Defendant left Plaintiff two more messages that were similar to the above message. None of these message state that Defendant is a debt collector.

9. On or about September 5, 2012, Plaintiff emailed Defendant asking them to cease and desist all phone calls and to send her communication via postal mail.

10. On or about September 5, 2012, Defendant emailed Plaintiff acknowledging her cease and desist email.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates the preceding allegations by reference.

12. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

14. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

15. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

16. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

17. Plaintiff incorporates the preceding allegations by reference.

18. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

19. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

21. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

22. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

25. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

26. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

27. Plaintiff has suffered damages as a result of these violations of the MCPA.

28. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

September 19, 2012

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com